IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**NATALIE R. SHEPHERD**                                                              **PETITIONER**

**VERSUS**                                        **CIVIL ACTION NO. 1:12cv110-HSO-RHW**

**MICHELE LEONHART, Administrator**
United States Drug Enforcement Administration               **RESPONDENT**

## REPORT AND RECOMMENDATION

Petitioner Natalie Shepherd filed this 28 U.S.C. § 2241 petition for writ of habeas corpus on April 11, 2012, demanding that she be returned for trial, and/or that charges against her be dismissed. Shepherd is presently in custody of the Mississippi Department of Corrections [MDOC], where she is serving two consecutive five-year sentences for state convictions of prescription forgery. According to the MDOC website, Shepherd's tentative release date is March 19, 2020.

Shepherd complains in the present action that a "detainer warrant" was filed against her with the MDOC on November 14, 2011 by the "U.S. Department Drug Enforcement Admin (*sic*) of Hinds County, State of Mississippi," which "gave notice that a charge of obtaining a controlled substance by fraud had been filed in the U.S. District Court of Mississippi, Hinds County, against [Shepherd] ." Shepherd alleges the detainer prevents her from participating in programs which might reduce the length of her confinement, "in that inmates within the [MDOC] with detainers lodged against them are not eligible for trusty status, certain earned time programs reducing their sentence, work release programs or the intensive supervision program." [2] The purported detainer [5] is dated November 14, 2011, is titled "Mississippi Department of Corrections Detainer Action Letter, "is from the MDOC to the DEA and states,

> A detainer has been filed against [Shepherd] in your favor for [obtaining a controlled substance by fraud]. Release is tentatively scheduled for 10-14-21, however we will again notify you approximately 60 days prior to actual release...

On June 11, 2012, Respondent filed [11] a motion to dismiss Shepherd's habeas petition for lack of subject matter jurisdiction, on grounds that Shepherd has not exhausted her state court remedies, and that the DEA has not requested issuance of any detainer in its favor. Shepherd has filed no response to the motion, but since it is dispositive in nature, the undersigned considers the matter on the merits.

In support of the motion to dismiss, Respondent presents the declaration of Jimmy S. Fox III, Special Agent in Charge of the Drug Enforcement Administration's New Orleans Field Division. [11-1] The Fox declaration states Shepherd was arrested June 2, 2011 by a DEA agent assigned to a tactical diversion group within DEA's Jackson District Office, but the arrest was pursuant to a State of Mississippi warrant for obtaining a controlled substance by fraud. [11-1] Following her arrest, Shepherd's state court probation was revoked and she was remanded to the MDOC to serve her state sentences. Although the MDOC issued the above referenced detainer action letter, Fox's uncontradicted declaration states that Shepherd is not a federal prisoner, is not in federal custody, is not the subject of a DEA detainer request, and that the DEA's Jackson District Office has no intention of requesting a detainer regarding Shepherd. Fox believes the MDOC erroneously treated the state arrest warrant executed by the DEA agent as a request for detainer in favor of DEA, in which case, Respondent does not object to MDOC's removing the detainer against Shepherd. [11-1]

Law and Analysis

As the party seeking relief, Shepherd bears the burden of establishing the subject matter jurisdiction of this Court. *United States v. Hays*, 515 U.S. 737, 743 (1995); *Hartford Ins. Group*

*v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2008). Shepherd's pleadings, the MDOC website and Fox's declaration all establish that Shepherd is a state prisoner, in state custody, on state court convictions. Shepherd has presented nothing to establish that Respondent requested a detainer against her – the detainer action letter she presented was issued by MDOC and does not establish that DEA requested that a detainer be lodged against Shepherd. Fox's declaration affirmatively establishes that Respondent did not request, and has no intention of requesting, a detainer against Shepherd. There is nothing before this Court showing a proper factual basis for Shepherd's claims in the habeas petition. Since there is no evidence that the Respondent has brought, or intends to bring, federal charges against Shepherd, there is no factual basis upon which Shepherd may be granted federal habeas relief. Even if that were not the case, nothing has been presented to this Court indicating that Shepherd exhausted her state court remedies prior to filing this action.

While a pre-trial petition for writ of habeas corpus is cognizable under 28 U.S.C. § 2241, pre-trial habeas relief is available only to enforce a state's obligation to bring a defendant to trial, not to adjudicate the merits of a Sixth Amendment speedy trial claim or to bar the state from proceeding to trial. *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). While a petitioner in custody may be eligible for pre-trial habeas relief under § 2241, "federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved by ... state procedures available to the petitioner." *Id.*, citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973). As the issuance of the detainer action letter shows on its face that it was an MDOC action, and the Fox declaration indicates the action was apparently based on the unilateral mistake of the state agency, the issue raised in Shepherd's petition is one which may be resolved on the merits in the state court system and should first be

presented to the state courts on the issue of whether the detainer should be cancelled. Even if Shepherd had stated a factual basis for habeas relief, the undersigned is of the opinion that this Court should abstain from exercising habeas jurisdiction due to Shepherd's failure to exhaust available state remedies. *Dickerson*, 816 F.2d at 225; *Greer v. St. Tammany Parish Jail*, 693 F.Supp. 502, 508 (E.D. La. 1988).

## RECOMMENDATION

Based upon the pleadings and evidence before the Court, and applicable law, the undersigned finds that Shepherd has failed to present either a factual or legal basis for federal habeas relief, and recommends that her 28 U.S.C. § 2241 petition for writ of habeas corpus be dismissed. The undersigned is providing a copy of this report and recommendation to the Mississippi Department of Corrections for informational purposes, and recommends that a copy of the Court's order with respect to the report and recommendation also be sent to MDOC.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec.1, 2011), after service of a copy of this Report and Recommendation, each party has fourteen (14) days to serve and file written objections to the Report and Recommendation. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge. Within seven (7) days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive,

or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 24th day of July, 2012.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE